**FOR PUBLICATION**

```
               IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS & ST. JOHN

IN RE:                              )
                                    )   Civil No. 2008-61
JEFFREY J. PROSSER,                 )
                                    )   Chapter 7
             Debtor.                )   Case No. 06-30009 (JFK)
                                    )
_____)
                                    )
JAMES P. CARROLL, CHAPTER 7         )
TRUSTEE OF THE BANKRUPTCY           )
ESTATE OF JEFFREY J. PROSSER,       )
DEBTOR,                             )   Civil No. 2008-61
                                    )
             Plaintiff,             )   Adv. Proc. No. 08-3006 (JFK)
                                    )
        v.                          )
                                    )
DAWN PROSSER,                       )
                                    )
             Defendant.             )
_____)
```

**ATTORNEYS:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Bernard C. Pattie, Esq.**
St. Croix, U.S.V.I.
      *For James P. Carroll, Chapter 7 Trustee.*

**Yann Geron, Esq.**
**Samuel H. Israel, Esq.**
**Fred Stevens, Esq.**
**Eric E. Reed, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee.*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee.*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
    *For Dawn Prosser.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Dawn Prosser ("Prosser"), for withdrawal of this Court's automatic reference to the Bankruptcy Division of an adversarial proceeding.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

In February, 2008, the Chapter 7 Trustee, James P. Carroll

---

[1] Prosser specifies that she brings this motion "under protest and only at the direction of the Clerk's office." (Def.'s Mot. to Withdraw Reference 1.)

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 3

("Carroll"), commenced an adversarial proceeding against Prosser in the Bankruptcy Division to recover pre-petition fraudulent transfers and unauthorized post-petition transfers. In March, 2008, Prosser timely filed an answer in which she invoked her Fifth Amendment right against self-incrimination and demanded a trial by jury.

Prosser now seeks withdrawal of the reference to the Bankruptcy Division of the adversarial proceeding, pursuant to 28 U.S.C. § 157(d) ("Section 157") and Federal Rule of Bankruptcy Procedure 5011.[2]

## II. ANALYSIS

### A. Timeliness

Although the parties do not raise the issue, in ruling on a motion for withdrawal of the reference to a bankruptcy court, the Court must first determine whether the motion was timely filed. *See* 28 U.S.C. § 157(d).

Here, the adversarial proceeding was commenced on February 19, 2008. Prosser filed an answer on March 24, 2008. The Bankruptcy Division docket reflects that on April 4, 2008, this matter was scheduled for a hearing on April 11, 2008. The motion for withdrawal of the reference was filed on April 21, 2008, more

---

[2] Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a).

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 4

than two months after the commencement of the adversarial proceeding and nearly one month after the filing of the answer. The Court finds that the motion was timely filed.

**B.   Merits**

Prosser contends that withdrawal of the reference is appropriate because she is entitled to a trial by jury on the claims asserted against her in the adversarial proceeding. Prosser further asserts that because those claims are purportedly "non-core," they must be tried to a jury.

Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  In determining whether "cause" exists for discretionary withdrawal under Section 157(d), courts are to consider four factors: (1) promoting uniformity in bankruptcy administration, (2) reducing forum-shopping, (3) fostering economical use of debtors' and creditors' resources, and (4) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)

"The 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, Civ. No. 89-194, 1989 U.S. Dist. LEXIS 13215, at *12 (D.

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 5

Del. Nov. 3, 1989) (citations and quotations omitted). "The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference." *In re EnvisioNet Computer Servs.*, Civ. No. 01-20952, 2002 U.S. Dist. LEXIS 6424, at *4 (D. Me. Apr. 11, 2002) (citing *Kaplan*, 1992 U.S. Dist. LEXIS 16130, at *8; *In re Larry's Apt., L.L.C.*, Civ. No. 96-1826, 1997 U.S. Dist. LEXIS 13881, at *8-9 (D. Ariz. Mar. 17, 1997)).

A bankruptcy court may not conduct a jury trial without the consent of the parties. *See* 28 U.S.C. § 157(e). As a consequence, a valid jury demand may mandate withdrawal to the district court for trial. *Growe v. Bilodard Inc.*, Misc. No. 05-00015, 2005 U.S. Dist. LEXIS 9537, at *3 (D. Me. May 19, 2005) (citations omitted). Withdrawal need not be granted as a matter of course at any point during a proceeding in which a jury demand is made. *Id.; see also GE Capital Corp. v. Teo*, Civ. No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *13 (D.N.J. Dec. 14, 2001) (not for publication) (noting that "the mere fact that a Defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy"); *Hayes v. Royala, Inc.*, No. 94-MC-99, 1995 U.S. Dist. LEXIS 3784, at *2 (E.D. Tex. Jan. 31, 1995).

"[A] district court . . . might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 6

demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Accordingly, "a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe*, 2005 U.S. Dist. LEXIS 9537, at *4 (citing *In re Magnesium Corp. of America*, Civ. No. 04-1357, 2004 U.S. Dist. LEXIS 9389, at *9 (S.D.N.Y. May 24, 2004) (denying a withdrawal reference "without prejudice to its renewal when the bankruptcy court certifies that the adversary proceeding is ready for trial")).

In applying these standards, courts in the Third Circuit and in other jurisdictions have held that even where a district court may conduct a jury trial, a bankruptcy court may "preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *See, e.g.*, *In re Lands End Leasing*, Case No. 93-36360, 1996 Bankr. LEXIS 306, at *29 (Bankr. D.N.J. Mar. 27, 1996) ("The court will therefore preside over this adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.") (citations omitted); *In re Keene Corp.*, Civ. No. 94-5776, 1995 U.S. Dist. LEXIS 6395, at *17 (S.D.N.Y. May 11, 1995) ("Since this adversary proceeding is in

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 7

its initial stages, the bankruptcy judge is fully equipped with the tools to proceed with this matter without interference by the district court. Therefore, the motion to withdraw the reference is not ripe at this time and will only become ripe if and when this matter proceeds to trial.") (citation omitted); *In re Adelphi Inst., Inc.*, Civ. No. 89-7203, 1990 U.S. Dist. LEXIS 3066, at *11 (S.D.N.Y. Mar. 21, 1990) ("The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.") (citation omitted).

 Here, Prosser makes no mention in her brief of any of the factors courts consider in determining whether cause for withdrawal of a reference exists as contemplated by Section 157. The only ground for withdrawal Prosser asserts is her purported entitlement to a jury trial in the adversarial proceeding because, according to Prosser, that proceeding is appropriate characterized as "non-core."

 The Court finds that several considerations disfavor withdrawal of the reference at this early stage of the adversarial proceeding. First, the Bankruptcy Division docket reflects that discovery in the adversarial proceeding is ongoing before the bankruptcy judge. As noted above, there is no reason why the bankruptcy judge cannot address any issues that arise

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 8

during the discovery process. *See*, *e.g.*, *In re Nady*, Civ. No. 92-51, 1992 U.S. Dist. LEXIS 4007, at *5-6 (D. Nev. Feb. 5, 1992) (noting that "the bankruptcy judge could rule on discovery matters and submit its conclusions and recommendations as to dispositive motions such as motions to dismiss, motions for summary judgment, etc.").

Second, this matter is inextricably bound up with a multifaceted bankruptcy case that has been pending in the Bankruptcy Division for some time. The Bankruptcy Division is best placed to expedite the bankruptcy process. To withdraw the reference at this point would likely lead to delay as well as substantial and unnecessary expenditures of party resources. *See*, *e.g.*, *In re OCA, Inc.*, Civ. No. 06-3811, 2007 U.S. Dist. LEXIS 43230, at *9 (E.D. La. June 13, 2007) (finding that "the interests of judicial economy support denial of the motion to withdraw the reference"); *Growe*, 2005 U.S. Dist. LEXIS 9537, at *7-8 ("[J]udicial efficiency and the uniform administration of the bankruptcy code are better served by leaving this matter with the Bankruptcy Court until it is ready for trial."); *cf. Northwestern Institute of Psychiatry v. Travelers Indemnity Co.*, Misc. No. 01-151, 2001 U.S. Dist. LEXIS 18460, at *9-10 (E.D. Pa. Nov. 8, 2001) (finding that "the withdrawal of the entire reference will be a better use of the parties' resources").

Indeed, Prosser has failed to articulate any argument

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 9

whatever that withdrawal would promote administration of the bankruptcy process or reduce forum shopping. *See*, *e.g.*, *In re Phillips Group, Inc.*, Civ. No. 05-1575, 2006 U.S. Dist. LEXIS 34111, at *9 (W.D. Pa. May 22, 2006) (finding "that denying the motion to withdraw will reduce forum shopping"); *In re American Capital Equipment, LLC*, Civ. No. 05-048, 2005 U.S. Dist. LEXIS 17291, at *11 (W.D. Pa. May 5, 2005) (denying a withdrawal motion where the movants "have not even alleged that withdrawal of the reference would reduce forum shopping or expedite the bankruptcy process").

Finally, part and parcel of Prosser's argument that she is entitled to a jury trial, is her contention that the adversarial proceeding is non-core. Pursuant to 28 U.S.C. § 157(b)(3), however, the determination whether a proceeding is core or non-core is made by the bankruptcy judge in the first instance.[3] *See*, *e.g.*, *Travellers Int'l AG v. Robinson*, 982 F.2d 96, 97-98 (3d Cir. 1992) (noting that "the motion to withdraw was first submitted to the bankruptcy court to determine whether [the] adversary proceeding was a core or non-core proceeding pursuant

---

[3] 28 U.S.C. § 157(b)(3) provides, in pertinent part:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 10

to 28 U.S.C § 157(b)(3)); *Dailey v. First Peoples Bank*, Civ. No. 86-3527, 1987 U.S. Dist. LEXIS 7421, at *15 (D.N.J. July 1, 1987) ("[T]he bankruptcy code supposes that determinations of what constitute core issues will be left to the bankruptcy court, which after all is better equipped and experienced to make such decisions."); *Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp.*, Civ. No. 89-194, 1989 U.S. Dist. LEXIS 13215, at *5-6 (D. Del. Nov. 3, 1989) ("[W]hether this proceeding is core or non-core is a determination which may appropriately be made, in the first instance, by the bankruptcy court, not the district court.").

There is no evidence in the record that any party in this matter requested that the bankruptcy judge determine whether this is a core or a non-core proceeding.[4] As such, to the extent the motion is predicated on an argument that the proceeding is core or non-core, the motion is also premature. *See*, *e.g.*, *In re Del. & Hudson R.R.*, Bankruptcy Case No. 88-342, 1991 U.S. Dist. LEXIS 191, at *11 (D. Del. Jan. 10, 1991) (concluding "that before a withdrawal of reference motion is presented to the District

---

[4] Indeed, whether this proceeding is core or non-core is a matter of dispute among the parties. Prosser claims that the proceeding is non-core, while Carroll counters that the proceeding is core. *Cf. In re Phillips Group, Inc.*, Civ. No. 05-1575, 2006 U.S. Dist. LEXIS 34111, at *8 (W.D. Pa. May 22, 2006) ("In this case, both parties agree that this adversary proceeding is a core proceeding.").

*Carroll v. Prosser*
Civil No. 2008-61
Memorandum Opinion
Page 11

Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core").

### III. CONCLUSION

For the reasons given above, the motion to withdraw the reference to the Bankruptcy Division will be denied without prejudice. Prosser may renew her motion if and when the Bankruptcy Division determines whether this is a core or non-core proceeding and certifies the proceeding as trial-ready.

```
                                    S_____
                                       CURTIS V. GÓMEZ
                                          Chief Judge
```